IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
(WACO DIVISION)

| | |
|---|---|
| AERITAS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BURGER KING CORPORATION<br><br>Defendant. | Case No. 6:20-cv-01066-ADA<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
TO PLAINTIFF'S COMPLAINT**

Defendant Burger King Corporation ("BKC" or "Defendant") file this, its Answer, Affirmative Defenses, and Counterclaims to Plaintiff Aeritas, LLC's ("Aeritas" or "Plaintiff") Complaint for Patent Infringement ("Complaint"). BKC denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

**NATURE OF THE ACTION**

1. BKC admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 271, *et seq*., but BKC denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief.

**PARTIES**

2. BKC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, on that basis, denies all such allegations.

---

[1] For avoidance of doubt, BKC denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

1

3.  BKC denies it is a corporation organized under the laws of Delaware. BKC is a corporation organized under the laws of the State of Florida, and it has a place of business at 1210 North Valley Mills Dr., Waco, Texas 76710.

## JURISDICTION AND VENUE

4.  BKC admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff has alleged infringement of a patent, but BKC denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief.

5.  BKC does not contest whether personal jurisdiction over it properly lies in this judicial district in this case. BKC admits it conducts business in this judicial district, but BKC denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. BKC denies any remaining allegations in Paragraph 5 of the Complaint.

6.  BKC does not contest that venue may be proper in this judicial district in this case, but denies that venue is convenient as to BKC in this case. BKC denies the remaining allegations in Paragraph 6 of the Complaint.

## [ALLEGED] OVERVIEW OF THE BURGER KING APP

7.  BKC admits that it has a Burger King App, available for download on the iOS App Store and Android Google Play, but BKC denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. BKC denies any remaining allegations in Paragraph 7 of the Complaint.

8.  BKC denies the allegations in Paragraph 8 of the Complaint.

9.  BKC denies the allegations in Paragraph 9 of the Complaint.

10. BKC denies the allegations in Paragraph 10 of the Complaint.

11. BKC denies the allegations in Paragraph 11 of the Complaint.

12. BKC denies the allegations in Paragraph 12 of the Complaint.

13. BKC denies the allegations in Paragraph 13 of the Complaint.

14. BKC denies the allegations in Paragraph 14 of the Complaint.

15. BKC denies the allegations in Paragraph 15 of the Complaint.

16. BKC denies the allegations in Paragraph 16 of the Complaint.

17. BKC denies the allegations in Paragraph 17 of the Complaint.

## COUNT I
## ([Alleged] Infringement of U.S. Patent No. 8,055,285)

18. BKC incorporates by reference Paragraphs 1-17 above.

19. BKC admits that a purported copy of U.S. Patent No. 8,055,285 (the "'285 Patent") is attached to the Complaint as an exhibit, which indicates that the '285 Patent issued on November 8, 2011 and that it is titled "Mixed-Mode Interaction." BKC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 of the Complaint and, on that basis, denies all such allegations.

20. BKC denies the allegations in Paragraph 20 of the Complaint.

21. BKC denies the allegations of Paragraph 21 of the Complaint.

22. BKC denies the allegations of Paragraph 22 of the Complaint.

23. BKC denies the allegations of Paragraph 23 of the Complaint.

24. BKC admits that the '285 Patent speaks for itself, but denies any characterizations inconsistent therewith. BKC denies any remaining allegations in Paragraph 24 of the Complaint.

25. BKC denies the allegations of Paragraph 25 of the Complaint.

26. BKC denies the allegations of Paragraph 26 of the Complaint.

## COUNT II
## ([Alleged] Infringement of U.S. Patent No. 9,390,435)

27. BKC incorporates by reference Paragraphs 1-26 above.

28. BKC admits that a purported copy of U.S. Patent No. 9,390,435 (the "'435 Patent") is attached to the Complaint as an exhibit, which indicates that the '435 Patent issued on July 12, 2016 and that it is titled "Mixed-Mode Interaction." BKC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 of the Complaint and, on that basis, denies all such allegations.

29. BKC denies the allegations in Paragraph 29 of the Complaint.

30. BKC denies the allegations of Paragraph 30 of the Complaint.

31. BKC denies the allegations of Paragraph 31 of the Complaint.

32. BKC admits that the '435 Patent speaks for itself, but denies any characterizations inconsistent therewith. BKC denies any remaining allegations in Paragraph 32 of the Complaint.

33. BKC denies the allegations of Paragraph 33 of the Complaint.

34. BKC denies the allegations of Paragraph 34 of the Complaint.

## COUNT III
### ([Alleged] Infringement of U.S. Patent No. 9,888,107)

35. BKC incorporates by reference Paragraphs 1-34 above.

36. BKC denies that a purported copy of U.S. Patent No. 9,888,107 (the "'107 Patent") is attached to the Complaint as an exhibit, which indicated that the '107 Patent issued on February 6, 2018 and that it is titled "Mixed-Mode Interaction." BKC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 of the Complaint and, on that basis, denies all such allegations.

37. BKC denies the allegations in Paragraph 37 of the Complaint.

38. BKC denies the allegations of Paragraph 38 of the Complaint.

39. BKC denies the allegations of Paragraph 39 of the Complaint.

40. BKC denies the allegations of Paragraph 40 of the Complaint.

41. BKC admits that the '107 Patent speaks for itself, but denies any characterizations inconsistent therewith. BKC denies any remaining allegations in Paragraph 41 of the Complaint.

42. BKC denies the allegations of Paragraph 42 of the Complaint.

43. BKC denies the allegations of Paragraph 43 of the Complaint.

## COUNT IV
## ([Alleged] Infringement of U.S. Patent No. 7,706,819)

44. BKC incorporates by reference Paragraphs 1-43 above.

45. BKC denies that a purported copy of U.S. Patent No. 7,706,819 (the "'819 Patent") is attached to the Complaint as an exhibit, which indicates that the '819 Patent issued on April 27, 2010 and that it is titled "Mixed-Mode Interaction." BKC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45 of the Complaint and, on that basis, denies all such allegations.

46. BKC denies the allegations in Paragraph 46 of the Complaint.

47. BKC denies the allegations of Paragraph 47 of the Complaint.

48. BKC denies the allegations of Paragraph 48 of the Complaint.

49. BKC admits that the '819 Patent speaks for itself, but denies any characterizations inconsistent therewith. BKC denies any remaining allegations in Paragraph 49 of the Complaint.

50. BKC denies the allegations of Paragraph 50 of the Complaint.

51. BKC denies the allegations of Paragraph 51 of the Complaint.

## COUNT V
## ([Alleged] Infringement of U.S. Patent No. 10,362,160)

52. BKC incorporates by reference Paragraphs 1-51 above.

53.     BKC denies that a purported copy of U.S. Patent No. 10,362,160 (the "'160 Patent") is attached to the Complaint as an exhibit, which indicates that the '160 Patent issued on July 23, 2019 and that it is titled "Mixed-Mode Interaction." BKC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53 of the Complaint and, on that basis, denies all such allegations.

54.     BKC denies the allegations in Paragraph 54 of the Complaint.

55.     BKC denies the allegations of Paragraph 55 of the Complaint.

56.     BKC denies the allegations of Paragraph 56 of the Complaint.

57.     BKC admits that the '160 Patent speaks for itself, but denies any characterizations inconsistent therewith. BKC denies any remaining allegations in Paragraph 57 of the Complaint.

58.     BKC denies the allegations of Paragraph 58 of the Complaint.

59.     BKC denies the allegations of Paragraph 59 of the Complaint.

### [Plaintiff's] Prayer for Relief

To the extent that a response is required to Plaintiff's prayer for relief, BKC denies that Plaintiff is entitled to any judgment against BKC and/or an order granting relief in any of the forms requested in parts 1-4.

### [Plaintiff's] Demand for Jury Trial

BKC is not required to provide a response to Plaintiff's demand for a jury trial.

### AFFIRMATIVE DEFENSES

BKC's Affirmative Defenses are listed below. BKC reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

### FIRST AFFIRMATIVE DEFENSE

BKC has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)),

any valid, enforceable claim of the '285, the '435, the '107, ' 819, and the '160 Patents (collectively, the "Patents-in-Suit").

## SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the Patents-in-Suit is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to the Patents-in-Suit failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that BKC's actions allegedly infringe the Patents-in-Suit, BKC is not liable to Plaintiff for the acts alleged to have been performed before BKC received actual notice that it was allegedly infringing the Patents-in-Suit.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that BKC indirectly infringes, either by contributory infringement or inducement of infringement, BKC is not liable to Plaintiff for the acts alleged to have been performed before BKC knew that its actions would cause indirect infringement.

## FIFTH AFFIRMATIVE DEFENSE

The claims of the Patents-in-Suit are not entitled to a scope sufficient to encompass any system employed or process practiced by BKC.

## SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the clams of the Patents-in-Suit do not claim patent eligible subject matter under 35 U.S.C. § 101.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim of direct infringement because, among other things, Plaintiff has not stated a plausible allegation that any method or system employed or process practiced by BKC: (1) "at a first time, receiving and storing an input in a user profile in a database, the input comprising consumer interest data"; (2) "at a second time distinct from the first time, obtain[] data identifying a current location of the mobile communication device"; (3) "based on the input stored in the user profile and the current location of the mobile communication device, initiating a search to locate information pertinent to the input"; (4) "receiving results derived from the search;"; (5) "in response to the input and the search, delivering, by a notification server, information to the mobile communications device"; (6) "retrieve information associated with the input and determine the location of the mobile device"; or (7) have a "rules engine that comprises first and second components, a first component that evaluates the notification criteria, and a second component that executes notification rules."

## BKC'S COUNTERCLAIMS

For its counterclaims against Plaintiff Aeritas, LLC. ("Aeritas"), Counterclaim Plaintiffs Burger King Corporation ("BKC") allege as follows:

## PARTIES

1. Counterclaim Plaintiff BKC is a corporation organized and existing under the laws of the State of Florida, with a principal place of business at 5707 Blue Lagoon Drive, Miami, Florida 33126.

2. Upon information and belief based solely on Paragraph 1 of the Complaint as pled by Plaintiff, Counterclaim Defendant Aeritas, is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business in Dallas Texas.

## JURISDICTION

3. BKC incorporates by reference Paragraphs 1-2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. Aeritas has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6. Based solely on the filing of this action, venue is proper, though not necessarily convenient, in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I
## DECLARATION REGARDING NON-INFRINGEMENT

7. BKC incorporates by reference Paragraphs 1-6 above.

8. Based on the filing of this action and at least BKC's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether BKC infringes U.S. Patent Nos. 8,055,285 (the "'285 Patent"), 9,390,435 (the "'435 Patent"), 9,888,107 (the "'107 Patent"), 7,706,819 (the "'819 Patent"), and 10,362,160 (the "'160 Patent") (collectively, the "Patents-in-Suit").

9. BKC does not infringe: (a) Claim 1 of the '285 because, *inter alia*, the accused system does not: (1) "at a first time, receiv[e] and stor[e] an input in a user profile in a database, the input comprising consumer interest data"; (2) "at a second time distinct from the first time, obtain[] data identifying a current location of the mobile communication device"; (3) "based on

9

the input stored in the user profile and the current location of the mobile communication device, initiating a search to locate information pertinent to the input"; (4) "receiv[e] results derived from the search;"; or (5) "in response to the input and the search, delivering, by a notification server, information to the mobile communications device"; (b) Claim 1 of the '435 Patent because, *inter alia*, the accused system does not provide computer instructions to: (1) "receive first data indicating a permission to provide a mobile device user a notification, the notification having an associated notification criteria"; (2) "at a given time, receive information identifying a determined location of a mobile device"; (3) "based at least in part on a determined location of the mobile device and the notification criteria, to provide to the mobile device the notification, the being associated at the mobile device with one of: an audible, visual and tactile alert"; (4) "receive second data as a result of an input being received at the mobile device following the notification"; (5) "retrieve information associated with the input and the determined location of the mobile device"; or (6) "provide to the mobile device a response to the input, the response based on the retrieved information"; (c) Claim 5 of the '107 Patent because, *inter alia*, the accused system does not provide instructions to: (1) "receive first data indicating a permission to provide a mobile device user a notification, the notification having an associated notification criteria"; (2) "at a given time, determine a location of a mobile device"; (3) "based at least in part on a determined location of the mobile device and the notification criteria, to provide to the mobile device the notification, the notification being associated at the mobile device with one of: an audible, visual and tactile alert"; (4) "receive second data as a result of an input being received at the mobile device following the notification"; (5) "retrieve information associated with the input and the determined location of the mobile device"; or (6) "provide to the mobile device a response to the input, the response based on the retrieved information wherein the

computer program instructions comprise a rules engine that comprises first and second components, a first component that evaluates the notification criteria, and a second component that executes notification rules"; (d) Claim 1 of the '819 Patent because, *inter alia*, the accused system does not use a method for: (1) "receiving spoken input from a wireless communication device"; (2) "obtaining data identifying a current location of the wireless communication device"; (3) "based on the current location of the wireless communication device and the spoken input, retrieving information" delivering, to the wireless communication device by a notification server, a non-verbal response to the spoken input, the nonverbal response based on the retrieved information and including a drill-down menu by which additional information related to the retrieved information can be obtained"; and (4) providing additional information related to the retrieved information in response to receipt of at least one additional input provided via the drill-down menu"; or (e) Claim 1 of the '160 Patent because, *inter alia*, the accused system does not provide computer instructions to: (1) "receive first data indicating a permission to provide a mobile device user a notification, the notification having an associated notification criteria"; (2) "at a given time, determine a location of a mobile device"; (3) "based at least in part on a determined location of the mobile device and the notification criteria, to provide to the mobile device the notification, the notification being associated at the mobile device with one of: an audible, visual and tactile alert"; (4) "receive second data as a result of an input being received at the mobile device following the notification"; (5) "retrieve information associated with the input and the determined location of the mobile device"; or (6) "provide to the mobile device a response to the input, the response based on the retrieved information."

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BKC requests a declaration by the Court that BKC has not infringed and does not infringe any claim of

11

the Patents-in-Suit under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT II
## DECLARATION REGARDING INVALIDITY

11. BKC incorporates by reference Paragraphs 1-10 above.

12. Based on the filing of this action and at least BKC's second affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the Patents-in-Suit.

13. The asserted claims of the Patents-in-Suit are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent Nos. 6,381,465; 2,364,278; 5,659,596; 2,243,555; 6,333,919; 9,847,295; 6,748,318; 6,732,150; and 6,052,597.

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, BKC requests a declaration by the Court that claims of the Patents-in-Suit are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, BKC asks this Court to enter judgment in BKC's favor and against Aeritas by granting the following relief:

a) a declaration that the Patents-in-Suit are invalid;

b) a declaration that BKC does not infringe, under any theory, any valid claim of the Patents-in-Suit that may be enforceable;

c) a declaration that Aeritas take nothing by its Complaint;

d) judgment against Aeritas and in favor of BKC;

e)      dismissal of the Complaint with prejudice;

f)      a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to BKC of its costs and attorneys' fees incurred in this action; and

g)      further relief as the Court may deem just and proper.

## JURY DEMAND

BKC hereby demands trial by jury on all issues.

Dated: January 14, 2021          FISH & RICHARDSON P.C.

By: */s/ Neil J. McNabnay*
Neil J. McNabnay
Texas Bar No. 24002583
mcnabnay@fr.com
Ricardo J. Bonilla
Texas Bar No. 24082704
bonilla@fr.com
Rodeen Talebi
Texas Bar No. 24103958
talebi@fr.com

FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX  75201
(214) 747-5070 – Telephone
(214) 747-2091 – Facsimile

**COUNSEL FOR DEFENDANT
BURGER KING CORPORATION**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 14, 2021, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Neil J. McNabnay
　　　　　　　　　　　　　　　　　　　　　　　　　　Neil J. McNabnay