UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **AERITAS LLC,**<br><br>　　　　Plaintiff<br><br>　　v.<br><br>**BURGER KING CORPORATION,**<br><br>　　　　Defendant | **Case No. 6:20-cv-01066-ADA**<br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIM

Plaintiff Aeritas LLC ("Plaintiff") answers the counterclaim of Defendant Burger King Corporation ("Defendant") as follows:

### PARTIES

1. Counterclaim Plaintiff BKC is a corporation organized and existing under the laws of the State of Florida, with a principal place of business at 5707 Blue Lagoon Drive, Miami, Florida 33126.

**ANSWER:**   On information and belief, admitted.

2. Upon information and belief based solely on Paragraph 1 of the Complaint as pled by Plaintiff, Counterclaim Defendant Aeritas, is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business in Dallas Texas.

**ANSWER:**   Admitted.

## JURISDICTION

3. BKC incorporates by reference Paragraphs 1-2 above.

**ANSWER:** Plaintiff incorporates its responses to paragraphs 1-2 of Defendant's Counterclaim as fully set forth herein.

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

**ANSWER:** Plaintiff admits the Defendant pleads a counterclaim as listed. Plaintiff denies Defendant is entitled to any relief.

5. Aeritas has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

**ANSWER:** Plaintiff admits the Court has personal jurisdiction over Plaintiff.

6. Based solely on the filing of this action, venue is proper, though not necessarily convenient, in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

**ANSWER:** Plaintiff admits venue is proper.

## COUNT I
## DECLARATION REGARDING NON-INFRINGEMENT

7. BKC incorporates by reference Paragraphs 1-6 above.

**ANSWER:** Plaintiff incorporates its responses to paragraphs 1-6 of Defendant's Counterclaim as fully set forth herein.

8. Based on the filing of this action and at least BKC's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether BKC

infringes U.S. Patent Nos. 8,055,285 (the "'285 Patent"), 9,390,435 (the "'435 Patent"), 9,888,107 (the "'107 Patent"), 7,706,819 (the "'819 Patent"), and 10,362,160 (the "'160 Patent") (collectively, the "Patents-in-Suit").

**ANSWER:** Plaintiff admits an actual controversy exists. Plaintiff denies Defendant is entitled to any relief.

9. BKC does not infringe: (a) Claim 1 of the '285 because, *inter alia*, the accused system does not: (1) "at a first time, receiv[e] and stor[e] an input in a user profile in a database, the input comprising consumer interest data"; (2) "at a second time distinct from the first time, obtain[] data identifying a current location of the mobile communication device"; (3) "based on the input stored in the user profile and the current location of the mobile communication device, initiating a search to locate information pertinent to the input"; (4) "receiv[e] results derived from the search;"; or (5) "in response to the input and the search, delivering, by a notification server, information to the mobile communications device"; (b) Claim 1 of the '435 Patent because, *inter alia*, the accused system does not provide computer instructions to: (1) "receive first data indicating a permission to provide a mobile device user a notification, the notification having an associated notification criteria"; (2) "at a given time, receive information identifying a determined location of a mobile device"; (3) "based at least in part on a determined location of the mobile device and the notification criteria, to provide to the mobile device the notification, the being associated at the mobile device with one of: an audible, visual and tactile alert"; (4) "receive second data as a result of an input being received at the mobile device following the notification"; (5) "retrieve information associated with the input and the determined location of the mobile device"; or (6) "provide to the mobile

device a response to the input, the response based on the retrieved information"; (c) Claim 5 of the '107 Patent because, *inter alia*, the accused system does not provide instructions to: (1) "receive first data indicating a permission to provide a mobile device user a notification, the notification having an associated notification criteria"; (2) "at a given time, determine a location of a mobile device"; (3) "based at least in part on a determined location of the mobile device and the notification criteria, to provide to the mobile device the notification, the notification being associated at the mobile device with one of: an audible, visual and tactile alert"; (4) "receive second data as a result of an input being received at the mobile device following the notification"; (5) "retrieve information associated with the input and the determined location of the mobile device"; or (6) "provide to the mobile device a response to the input, the response based on the retrieved information wherein the computer program instructions comprise a rules engine that comprises first and second components, a first component that evaluates the notification criteria, and a second component that executes notification rules"; (d) Claim 1 of the '819 Patent because, *inter alia*, the accused system does not use a method for: (1) "receiving spoken input from a wireless communication device"; (2) "obtaining data identifying a current location of the wireless communication device"; (3) "based on the current location of the wireless communication device and the spoken input, retrieving information" delivering, to the wireless communication device by a notification server, a non-verbal response to the spoken input, the nonverbal response based on the retrieved information and including a drill-down menu by which additional information related to the retrieved information can be obtained"; and (4) providing additional information related to the retrieved information in response to receipt of at least one additional input provided via

the drill- down menu"; or (e) Claim 1 of the '160 Patent because, *inter alia*, the accused system does not provide computer instructions to: (1) "receive first data indicating a permission to provide a mobile device user a notification, the notification having an associated notification criteria"; (2) "at a given time, determine a location of a mobile device"; (3) "based at least in part on a determined location of the mobile device and the notification criteria, to provide to the mobile device the notification, the notification being associated at the mobile device with one of: an audible, visual and tactile alert"; (4) "receive second data as a result of an input being received at the mobile device following the notification"; (5) "retrieve information associated with the input and the determined location of the mobile device"; or (6) "provide to the mobile device a response to the input, the response based on the retrieved information."

**ANSWER:**   Denied.

10.   Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BKC requests a declaration by the Court that BKC has not infringed and does not infringe any claim of the Patents-in-Suit under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

**ANSWER:**   Plaintiff admits Defendant seeks a declaratory judgment. Plaintiff denies Defendant is entitled to any relief.

## COUNT II
## DECLARATION REGARDING INVALIDITY

11.   BKC incorporates by reference Paragraphs 1-10 above.

**ANSWER:**   Plaintiff incorporates its responses to paragraphs 1-10 of Defendant's Counterclaim as fully set forth herein.

12.     Based on the filing of this action and at least BKC's second affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the Patents-in-Suit.

**ANSWER:**     Plaintiff admits an actual controversy exists. Plaintiff denies Defendant is entitled to any relief.

13.     The asserted claims of the Patents-in-Suit are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent Nos. 6,381,465; 2,364,278; 5,659,596; 2,243,555; 6,333,919; 9,847,295; 6,748,318; 6,732,150; and 6,052,597.

**ANSWER:**     Denied.

14.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, BKC requests a declaration by the Court that claims of the Patents-in-Suit are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**ANSWER:**     Plaintiff admits Defendant seeks a declaratory judgment. Plaintiff denies Defendant is entitled to any relief.

### RESPONSE TO DEFENDANTS' PRAYER FOR RELIEF

Plaintiff denies all remaining allegations not specifically admitted herein and denies that the Defendants are entitled to any of the relief they have requested.

| | |
|---|---|
| Dated: January 15, 2021 | Respectfully Submitted |
| | */s/ Raymond W. Mort, III*<br>Raymond W. Mort, III<br>Texas State Bar No. 00791308<br>raymort@austinlaw.com |
| | **THE MORT LAW FIRM, PLLC**<br>100 Congress Ave, Suite 2000<br>Austin, Texas 78701<br>Tel/Fax: (512) 865-7950 |
| | **ATTORNEYS FOR PLAINTIFF** |